**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO OLIVARES, | No. 11-56634 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-06207-DDP-PLA |
| v. | Central District of California, Los Angeles |
| J. SOTO, Warden, | |
| Respondent - Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, United States District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior District Judge.**

Francisco Olivares appeals the dismissal of his petition under 28 U.S.C.

§ 2254 for relief from his California conviction. Reviewing de novo, we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Olivares argues that the admission of extrajudicial statements by his non-testifying co-defendant violated his rights under the Confrontation Clause. "Because the state court has already established that a trial error occurred and the constitutional dimension of the error turns entirely on the issue of prejudice," we review de novo for harmless error. *Deck v. Jenkins*, 768 F.3d 1015, 1022 (9th Cir. 2014). Because the statements did not link Olivares to the crime or to the vehicle used in the commission of the crime, and given the other evidence implicating Olivares in the shooting and the lack of importance placed on the statement by the prosecution, the trial court's error in admitting the statements did not have a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993), and we are without "grave doubt as to the harmlessness of [the] error," *Deck*, 768 F.3d at 1022 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995)).

The district court was also correct in denying Olivares's claims of ineffective assistance of counsel. First, for the same reasons his Confrontation Clause claim fails under the harmless error standard, Olivares cannot show that he was prejudiced by his trial counsel's failure to object to the admission of his codefendant's statements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, in light of the undisputed evidence that Olivares was a Ford Maravilla

2

gang member known as "Go-Go" and his failure to identify any witnesses who were willing to testify at the time of trial about the existence of other gang members with that moniker, Olivares has failed to show that counsel's concession that Olivares was a gang member named "Go-Go" was not the product of sound strategy. *See Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008) (citing *Strickland*, 466 U.S. at 688–89). Finally, counsel's decision not to present an alibi defense—based on a witness who asserted on the day he was scheduled to testify that he could no longer recall the exact time that Olivares left his property and was reluctant to testify, and the proposed testimony of Olivares's wife, which would have done nothing to establish an alibi—was not unreasonable under the circumstances of the case.

**AFFIRMED.**